FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

TYRESE WALKER and
PAMELA MULET WALKER                          NO.  2:12-CV-0059

       PLAINTIFFS,                           JUDGE KEVIN H. SHARP

vs.                                          MAGISTRATE JUDGE JOE B. BROWN

ROBERT TERRY, in his official capacity
as Chief of Police of the City of Cookeville
Police Department; CHARLES QUIETT
and DEREK SPRINGS individually and in
their official capacities as Police Officers of the
City of Cookeville, Tennessee Police Dept.,

       DEFENDANTS.


INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01 (d), the following Initial Case Management Plan is **adopted.**

A.     JURISDICTION:

       The jurisdiction of this Court as to the civil rights provisions cited herein is invoked

pursuant to the provisions of **28 U.S.C. §§ 1331 and 1343.**  Jurisdiction is founded upon **28 U.S.C.**

**§§ 1331 and 1341(3) & (4) and § 1367(a)** and the aforementioned statutory and constitutional

provisions. Plaintiff would further rely upon the statutory, constitutional, and common law of the

State of Tennessee as to the torts cited herein, including but not limited to the Tennessee

Governmental Tort Liability Act found at Tenn. Code Ann. §§ 29-20-101, *et. seq.*, and Tenn. Code

Ann. §§ 8-8-301 and 302.

B.     BRIEF THEORIES OF THE PARTIES:

1.     **Plaintiff's theory of the case:**

Plaintiffs contend that on or about July 3, 2011 the Defendant police officers came to

their residence. Plaintiff, Tyrese Walker, has two children with another woman. Said woman had called the police to come to the Plaintiffs' residence. Upon arrival and after only a minimal investigation, the Defendant officers told the Plaintiffs that they would have to let the children go with their mother even though they were told the children lived with the Plaintiffs and the officers were shown no court order authorizing the mother to take the children. When the Plaintiffs refused to allow the children to go with their mother the officers attempted to force the children to go. The officers became belligerent and eventually physically assaulted the Plaintiffs. Plaintiff Walker was tased and an ambulance was called to the scene.

The Defendants violated the Plaintiffs' constitutional rights guaranteed to the Plaintiffs under the First, Fourth and Fourteenth Amendments of the United States Constitution including, but not limited to: freedom from unlawful arrest and seizure of their persons; freedom from the use of unreasonable, unjustified and excessive force; freedom from deprivation of liberty and property without due process of law; freedom from false arrest and imprisonment; and freedom from interference with the child/parent relationship. Defendant Terry failed to properly train and/or supervise the Defendant officers. Defendants engaged in a course of conduct designed to punish Plaintiffs and to prevent them from recovering for the unconstitutional actions of the Defendants. Defendants placed false charges against Plaintiffs and falsely imprisoned Plaintiffs. The state law claim is brought under the Tennessee Governmental Tort Liability Act. The acts, omissions and conduct of the Individual Defendants constitute assault and battery, negligence, conspiracy, and negligent infliction of emotional distress, under the laws of the State of Tennessee. Plaintiffs also seek punitive damages as the actions and omissions of the individual defendants were conscious shocking and unconstitutional and performed maliciously, recklessly, fraudulently, sadistically,

intentionally, willfully, wantonly and in such a manner as to entitle the Plaintiffs to a substantial award of punitive damages, where applicable.

2. **Defendant, Robert Terry's theory of the case:**

Robert Terry is only sued in his official capacity. The suit against Robert Terry in his official capacity is the equivalent of a suit against the City of Cookeville. Robert Terry should be dismissed and the City of Cookeville should be substituted. A suit against Robert Terry is superfluous in the regard.

It is specifically denied that the City of Cookeville was deliberately indifferent to the training and supervision of Cookeville Police Officers Charles Quiett and Derek Springs.

It is denied that this Court has jurisdiction for any state law claim pursuant to the Tennessee Governmental Tort Liability Act and/or it is denied that this Court should exercise supplemental jurisdiction over any such claim.

In the alternative, it is averred that only claims for negligence can be asserted against the entity, the City of Cookeville. Individual Defendants have total personal immunity, which is formally claimed. Moreover, no punitive damages are permitted against a governmental entity as a matter of law pursuant to the Tennessee Governmental Tort Liability Act, or otherwise.

The Defendants, Charles Quiett and Derek Springs, did not violate any constitutional rights of the Plaintiffs. In the alternative, they are entitled to qualified immunity are inextricably intertwined with the actions against Robert Terry in his official capacity. If the court finds no constitutional violations occurred and/or the officers are entitled to qualified

immunity, then any claim against the City of Cookeville for any constitutional violation must fail, as a matter of law.

3. **Defense Theory of Officer Derrick Springs and Officer Charles Quiett.**

Officer Springs and Quiett were called to the scene of a domestic dispute at the residence of Tyrese Walker on or about July 3, 2011. During that time, both Plaintiffs, Tyrese Walker and Pamela Mulet Walker, became belligerent and aggressive towards each officer. It is maintained that Mr. Walker initiated unwarranted contact with the officer and then attempted to flee in contravention of the orders of the officers. Any and all force that was used pertaining to this incident was reasonable, necessary and lawful under the circumstances in which these officers were placed by the Plaintiffs. It is maintained that any injuries received by Mr. Walker were as a result of his own actions. Further reference is made to the Answer filed by these Defendants in this case.

Defendants Springs and Quiett did not violate any of the Plaintiffs' constitutional rights. These Defendants did not use excessive force against the Plaintiffs. All force used in this matter was reasonable, necessary and lawful. These Defendants did not violate Plaintiffs' First, Fourth and Fourteenth Amendment rights in any way. These Defendants, individually, will also assert that their actions did not constitute assault and battery, negligence, conspiracy or negligent infliction of emotional distress under the law of the State of Tennessee. Accordingly, Plaintiffs are not entitled to any award in any amount for any damages and are not entitled to any relief against these Defendants. These Defendants, individually, are entitled to qualified immunity on Plaintiffs' constitutional claims, and invoke all immunities and defenses under the state law, including all immunities available to police officers and the protections of the Tennessee Governmental Tort Liability Act.

**C. ISSUES RESOLVED**: Jurisdiction and Venue

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **October 22, 2012.**

**F. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **April 1, 2013.** Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

**G. MOTIONS TO AMEND:** The parties shall file all motions to amend on or before **January 10,  2013.**

**H. DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 10, 2013.** The Defendant(s) shall identify and disclose all expert witnesses and reports on or before **July  23, 2013** Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) or before **August 15, 2013**.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **November 15, 2013.**

**J. JOINT MEDIATION REPORT:** The parties shall file a joint mediation report on or before **May 1, 2013.**

**K. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **January 1, 2014.** Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed twenty (25) pages. Optional replies may be filed within fourteen (14) days after the filing of the response.

**L. ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M. TRIAL DATE AND ESTIMATED TRIAL TIME:** The parties expect the jury trial to last approximately three days. This matter is set for trial on O c{ "42."4236"cpf "yj g r tgvtkcn'eqphgtgpeg"ugv'O c{ "7."4236"cv'3<52'r 0 0'Dqyj "ugv'kp'Eqqngxkng0"

It is so **ORDERED:**

_____
KEVIN H. SHARP
United States District Judge

APPROVED FOR ENTRY:


s/Michael Savage
Michael Savage, BPR#020276
Attorney for Plaintiffs
101 East Court Square
Livingston, TN 38570
(931) 823-3690
mslaw@twlakes.net


s/Richard Brooks by permission s/Michael Savage
Richard Brooks, BPR #4308
Attorney for Plaintiffs
P.O. Box 255
Carthage, TN 37030
(615) 735-0807
utkrmb@comcast.net



s/Daniel H. Rader, III by permission s/Michael Savage
Daniel H. Rader, III  BPR# 002835
Attorney at Law
P.O. Box 3347
Cookeville, TN 38502
(931) 526-3311



s/Reid A. Spaulding, by permission s/Michael Savage
Reid A. Spaulding,  BPR # 023363
Attorney at Law
P.O. Box 131
Knoxville, TN   37901-0131
(865) 637-1700