UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYRESE WALKER and<br>PAMELA MULET WALKER,<br><br>    Plaintiffs<br><br>    v.<br><br>ROBERT TERRY, in his official capacity<br>as Chief of Police of the City of Cookeville<br>Police Department;  CHARLES QUIETT<br>and DEREK SPRINGS, individually and<br>in Their official capacities as Police<br>Officers of the City of Cookeville,<br>Tennessee Police Dept.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:12-CV-00059<br>Judge Sharp |

## ORDER

In this civil rights action brought under 42 U.S.C. § 1983, Defendant Robert Terry is identified in both the caption and the body of the Complaint as being sued in his official capacity as the Chief of Police of the City of Cookeville.  He moves to dismiss, arguing that "the suit against this elected official 'in his official capacity' is the equivalent of a suit against an entity" and, "[a]ccordingly, this Defendant is superfluous and redundant and he should be dismissed." (Docket No. 28 at 2).

A claim or suit against an individual governmental employees in his official capacity is "'another way of pleading an action against an entity of which an officer is an agent,'" and "is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).  As a consequence, claims against individual defendants sued in their official capacity are routinely dismissed as "superfluous" or "redundant" where the entity whose

1

policies are at issue is also sued. See, e.g., Faith Baptist Church v. Waterford Twp., 2013 WL 1489387 at *4 (6th Cir. April 11, 2013); Hines v. Town of Vonore, 2012 WL 6046160 at *5 (E.D. Tenn. Dec. 2, 2012); McKinney v. McNairy County, 2012 WL 4863052 at * 2 (W.D. Tenn. Oct. 11, 2012). This is because "[i]n an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent," Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), and the "employer must pay any damages awarded." Valadez-Lopez v. Chertoff, 656 F.3d 851, 859 n.3 (9th Cir. 2011).

In this case the City of Cookeville, which is Defendant Terry's employer, is not sued. As such, the claims against Defendant Terry in his official capacity are not redundant or superfluous and his Motion to Dismiss (Docket No. 28) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE